UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

**FILED**
AUG 18 2016
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CODY YELLOW, ROBERT GRINDSTONE, AND AKE KYLE EAGLE HUNTER,<br><br>Defendant. | 3:15-CR-30086-01-02-03-RAL<br><br>ORDER CANCELLING RESTITUTION HEARING AND SETTING DATES FOR SUBMISSION OF AFFIDAVITS AND ARGUMENT |

Defendants Cody Yellow ("Yellow), Robert Grindstone ("Grindstone"), and Ake Kyle Eagle Hunter ("Eagle Hunter"), on July 19, 2015, were together drinking alcohol and traveling around in a car. The three drove to a rural church on the Cheyenne River Indian Reservation near Ridgeview, South Dakota, either to use an outhouse or to visit a grave site near the church. That church—known variously as St. Basil's Church or the Mossman Church—was built in 1917 by local residents on what is now tribal land. The church once served as a Catholic church, but in recent years had been used by community members for an occasional wedding or funeral, an annual Memorial Day service, and occasional meeting place.

The Defendants tell different stories about the extent of their involvement in the destruction of the church on July 19, 2015. Yellow and Grindstone have pleaded guilty and been sentenced for arson and aiding and abetting, while Eagle Hunter pleaded guilty to accessory after the fact and has been sentenced. In brief, despite the church being locked, one or more of the Defendants kicked the door open, discussed briefly burning the church down, spread an

1

accelerant within the church, and set the church on fire. The church was a total loss as a result of the arson crime.

At each of the Defendants' separate sentencing hearings, this Court left open the question of restitution under the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A. This Court set and held an evidentiary hearing on July 11, 2016, to hear testimony. The Government called and counsel for each of the Defendants cross-examined Michael Rousseau, the descendant of tribal members who built and cared for the church and its grounds, about the history, ownership, condition, destruction, plan to replace the church and possible costs to do so. This Court has made clear that it intends to award restitution jointly and severally among the defendants, but wanted some additional information before determining conclusively the victim or victims to be paid and the amount. No party objected to this Court taking additional time to determine the restitution issues under the circumstances.

This Court then set an evidentiary hearing to take place on August 23, 2016, to hear any further evidence. On August 12, 2016, counsel for Eagle Hunter filed a "Motion to Compel Defendant's Attendance at Restitution Hearing," Doc. 190, and on August 15, 2016, filed a Motion for Continuance, Doc. 191, asking for time to try to locate an expert to opine about the cost to rebuild the church. Grindstone joined in the latter motion, but Yellow and the Government did not. Doc. 191. On August 17, 2016, Grindstone's counsel filed a Motion for a Continuance, Doc. 192, and a "Motion to Compel Defendant's Attendance at Restitution Hearing," Doc. 193. Like Eagle Hunter's counsel, Grindstone's counsel asked in the motion for a continuance for time to locate an expert. Doc. 192

Defendants each are serving custody sentences of several years and are indigent. The likelihood that they will be paying any restitution soon is remote, so there appears to be no

immediacy in determining the restitution amount. Although this Court aimed to conclude the restitution order within 90 days of sentencing under § 3664(d)(5), no Defendant objected to continuing the evidentiary hearing to August 23, 2016, and two Defendants now seek a further postponement of the determination of restitution issues. There is good cause to postpone the restitution determination further and no prejudice to any party in doing so.

None of the Defendants know anything about ownership of the church, plans to rebuild, or cost to rebuild. That is, none of the Defendants, including Eagle Hunter and Grindstone, are witnesses on any remaining restitution issue. There is little reason for this Court to have the Government incur the expense of transporting any of them out of Bureau of Prisons custody to testify, and indeed Eagle Hunter and Grindstone have given no indication that they want to testify.

This Court has conducted an evidentiary hearing on restitution and had in mind holding a second evidentiary hearing. However, the Government subsequently submitted a document resolving one issue, establishing that the Cheyenne River Sioux Tribe authorizes rebuilding of the church on tribal lands where it had stood for nearly 100 years. Doc. 189. Other remaining issues can be addressed through affidavits and briefing in this Court's view. After all, [n]either the Due Process Clause nor the federal Sentencing Guidelines require[] the district court to hold a full-blown evidentiary hearing to decide a dispute about a proposed restitution order." United States v. Pierre, 285 F. App'x 828, 829 (2d Cir. 2008); see also United States v. Adejumo, 777 F.3d 1017, 1020 (8th Cir. 2015) ("Sufficient information for the entry of a restitution order may be produced by witness testimony at a hearing or sworn victim statements outlining the losses which resulted from the crime."); United States v. Vandeberg, 201 F.3d 805, 813 (6th Cir. 2000)

(concluding that district court has a number of options to determine proper amount of restitution including requiring additional documentation *or* testimony).

For good cause, it is hereby

ORDERED that Eagle Hunter and Grindstone's Motions for Continuance, Docs. 191, 192, are granted and that the second restitution evidentiary hearing set for August 23, 2016, is cancelled. It is further

ORDERED that in lieu of a restitution hearing the Government shall have until September 1, 2016, to submit any affidavits and written argument; that Defendants shall have until September 15, 2016, to submit any affidavits (including any alternate estimate of cost to replace the church as Eagle Hunter and Grindstone contemplated) and written argument; and that the Government shall have until September 22, 2016, to file any reply if it wishes to do so. It is finally

ORDERED that Eagle Hunter and Grindstone's motions to attend the restitution hearing, Docs. 190, 193, are denied as moot.

DATED this 18th day of August, 2016.

BY THE COURT:

*Roberto A. Lange*

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

4